The COCA–COLA BOTTLING COMPANY OF NEW YORK, INC., Plaintiff,

v.

SOFT DRINK AND BREWERY WORKERS UNION, LOCAL 812, Defendant.

No. 93 Civ. 6707 (VLB).

United States District Court, S.D. New York.

Feb. 25, 1994.

Katherine Brewer, Schmeltzer, Aptaker & Shepard, Washington DC, for plaintiff.

Barry I. Levy, Shapiro, Shiff, Beilly, Rosenberg & Fox, New York City, for defendant.

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Coca–Cola Bottling Company of New York ("Coca–Cola") negotiated a collective bargaining agreement with the defendant Soft Drink and Brewery Workers Union, Local 812 (the "Union"), providing for incentive bonuses for route sales staff members who worked for Coca–Cola exclusively.

The collective bargaining agreement contained an arbitration clause covering "[a]ll complaints, disputes, controversies or grievances between the Company and its employees ...."

On August 27, 1993 the Union submitted a request under the collective bargaining agreement for arbitration, alleging that Coca–Cola had failed to produce and to deliver to the Coca–Cola route sales force "sufficient Coca–Cola product during the period from August 1, 1991 to July 31, 1993 to allow route drivers to earn compensation to their fullest potential." [1] The Union apparently relies upon certain incentive compensation provisions of the agreement and "the Company's implied obligation under the collective bargaining agreement to provide the route salesmen, who have an exclusive relationship with Coca–Cola, sufficient product to permit them to earn compensation." [2] The Union seeks, in connection with the arbitration, business records concerning the efficiency of Coca–Cola manufacturing and distribution which might have affected product availability and hence incentive pay for the sales force.

Coca–Cola has brought this case under § 301 of the Taft–Hartley Act (29 U.S.C. § 185), which provides federal jurisdiction over suits to enforce collective bargaining agreements. Coca–Cola seeks an order barring the Union from proceeding with the arbitration, and has moved for summary judgment under Fed.R.Civ.P. 56.

### II

Coca–Cola has raised significant concerns relating to the possibility that the arbitration could result in interference with its conduct of the business, as distinct from treatment of employees; it suggests that the conduct of business is a management matter and is not within the scope of mandatory collective bargaining. It also suggests that if manufacturing procedures are to be explored, trade secrets could be revealed to rivals.

There is, of course, no reason to assume at this juncture that the arbitrator will arrogate to himself powers he has not been granted by the collective bargaining agreement. Should the arbitrator proceed in ways focusing on actual surprise, if any, to employees with respect to the compensation received, and remedies for such an event, which do not interfere with management of the technological and business processes of Coca–Cola or endanger its secrets, the proceeding might fall within compulsory areas of bargaining and the scope of the arbitration clause.

---

**1.** Local Rule 3(g) statement of Coca–Cola ¶ 6, undisputed in these respects.

**2.** Union's 3(g) statement, ¶ 6.

Coca–Cola's motion for summary judgment is denied. This court retains jurisdiction to consider appropriate relief should the concerns expressed by Coca–Cola threaten to become realities.

SO ORDERED.